Singh v. Garland

BIA
Laforest, IJ
A206 468 833

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-three.

PRESENT:
　　　　DEBRA ANN LIVINGSTON,
　　　　BARRINGTON D. PARKER,
　　　　ALISON J. NATHAN,
　　　　　　　*Circuit Judges.*

_____

KULDEEP SINGH,
　　　　*Petitioner*,

　　　　v.　　　　　　　　　　　　　　　　19-2208

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Deepti Vithal, Richmond Hill, NY.

FOR RESPONDENT:　　　　Joseph H. Hunt, Assistant Attorney General; Carl McIntyre, Assistant Director; Nancy E. Friedman,

Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kuldeep Singh, a native and citizen of India, seeks review of a June 27, 2019 decision of the BIA affirming a February 5, 2018 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kuldeep Singh,* No. A 206 468 833 (B.I.A. Jun. 27, 2019), *aff'g* No. A 206 468 833 (Immig. Ct. N.Y. City Feb. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d

2

Cir. 2009); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness" and on inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. In this case, substantial evidence supports the adverse credibility determination reached by the agency given the omissions and inconsistencies in the record and the IJ's demeanor findings.

Singh alleged that he was attacked by members of a rival political party when he was returning from a conference of his own party, the Shiromani Akali Dal Amritsar ("SADA")

3

party, in December 2010.  Singh also alleged that in February 2014, after returning from abroad, two men physically threatened him, telling him to leave his political party or they would return for him.  However, as the agency found, Singh gave inconsistent testimony regarding the 2010 attack, thus undermining his credibility.

Specifically, although Singh alleged in his application that his face was covered during the attack, Singh's direct testimony omitted any reference to his face or head being covered.  On cross-examination, Singh failed to mention that either his face or head was covered despite repeated questioning regarding what he was able to see during the attack, only eventually referencing his face or head being covered in response to a question about whether he said anything to his attackers.  The agency reasonably determined that the manner in which Singh responded on cross-examination supported the conclusion that he was "embellishing his story," rather than offering "honest response[s] to the government's . . . question[s]." *Liang v. Garland*, 10 F.4th 106, 116 (2d Cir. 2021).

The agency also reasonably relied on the inconsistencies

4

between Singh's testimony and a letter from the SADA party regarding Singh's role within that group. The letter stated that Singh "used to attend rallies, serve food and water to the participants, set up tents, past[e] posters etc." App'x 158. On direct examination, Singh testified generally about his role in the party, without mentioning any of these specific activities. And on cross-examination, when asked pointedly about the activities listed in the letter, Singh testified in a matter that the IJ characterized as deliberately evasive and as though he was trying to avoid contradicting the letter. When the IJ gave Singh the opportunity to explain the differences between Singh's testimony and the letter, Singh appeared, in the IJ's determination, "quite testy" and "annoyed," further undermining his credibility. App'x 43. Such vague testimony, particularly when viewed in light of the IJ's observations regarding demeanor, fairly support the inference that Singh's account was fabricated. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d. Cir. 2003) (holding that where an applicant gives "very spare" testimony, the fact-finder may "fairly wonder whether the testimony is

5

fabricated"), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Finally, the agency reasonably relied on Singh's failure to provide specific information related to his alleged stay in Cyprus. Though Singh testified to having lived and worked in Cyprus for two years before returning to India in 2014, his application for asylum did not list any residences or employment in Cyprus. When Singh sought to explain these omissions, his explanations were — like much of his testimony — vague and, accordingly, the agency was not obligated to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d. Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief." (internal quotation marks and citation omitted)). Viewed cumulatively with the other discrepancies the agency noted, these omissions provided proper support for the agency's adverse credibility determination.

In sum, these inconsistencies, omissions and demeanor findings provide substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The

adverse credibility determination is dispositive of asylum, withholding of removal and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we need not address the BIA's alternative grounds for denying Singh relief.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 45%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court
</div>